Jose M. SAENZ aka Joe Shearer, Petitioner,

v.

The STATE of Oklahoma, Ray Page, Warden, and the District Court of Cimarron County, Oklahoma, Respondents.

No. A–13757.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1966.

Robert Butler and George Sam Caporal, Oklahoma City, for petitioner.

NIX, Judge:

This is an original proceedings filed by the petitioner, Jose M. Saenz, aka, Joe Shearer, asking this Court to grant a Post-Conviction Appeal.

This cause was ordered back to the trial court for an Evidentiary Hearing on September 8, 1965. The Honorable C. R. Board, Judge of the District Court of Cimarron County, Oklahoma, complied with this order and the hearing was held on May 13, 1966; the transcript of which he forwarded to this Court along with his findings of fact on July 7, 1966.

It will be necessary to outline the background of the facts of this case, as it becomes quite complicated—

The two charges of Assault and Battery with a Dangerous Weapon with Intent to Kill, with which petitioner was convicted, arose from a disagreement with his girl-friend. Petitioner went to a house where the girl was attending a birthday party for one of her friends, called her outside; and after a brief conversation, shot and wounded her in the back several times as she returned to the inside of the house. He also shot and wounded the man who owned the house, a Mr. Vanetta. He then left, went to the girl's home, told her father that he had killed her and pleaded with the father to shoot him, that he didn't deserve to live. When the father of the girl refused, petitioner rammed his car into the house several times; until the father finally did shoot and wound petitioner. Two charges of assault and battery with intent to kill were

subsequently filed on petitioner for both the shooting of the girl and of Mr. Vanetta.

In the first case, Cimarron County District Court Case #392, which was for the shooting of the girl, defendant was afforded a sanity trial. Even though two doctors testified at great length that he needed mental treatment, they could not say definitely that he was insane, and the jury therefore ruled that he was sane, and the case proceeded to trial on the merits. Defendant was represented by counsel of his own choice, Mr. M. E. Becker of Guymon, Oklahoma, throughout both trials. The jury returned a verdict of guilty, and defendant received a Twenty Year sentence. An appeal was perfected to this Court on this first case, and is still on file as A–13,267, though not pending.

Due to an apparent misunderstanding, Mr. Becker, counsel during the first trial, did not appear for defendant in case #393. The trial court advised defendant that he would be furnished counsel if he so desired, but defendant refused, and the trial court proceeded without an attorney for the defense. (While this is not an issue in this cause, due to the fact that a motion for new trial was sustained later, this would certainly be a dangerous practice under the new rulings of the United States Supreme Court, especially since the defendant was from Puerto Rico, and allegedly had a limited understanding of the English language.) Defendant was convicted, and received another Twenty Year sentence, making a total of Forty Years on both cases.

Thereafter, the father of defendant went to Mr. Charles Ogden, an attorney in Guymon, and consulted with him relative to the appeal in case #392. Mr. Ogden did perfect the appeal, and was instrumental in working out an agreement with county officials as to a dismissal of the charges in #393, if defendant would dismiss the appeal pending in case #392. This, of course, would mean that defendant would only have to serve one Twenty Year sentence instead of two. This was certainly agreeable to the defendant at the time, and it does not appear to this Court that he was coerced into dismissing the appeal in A–13,267. It was done with the full knowledge that he would benefit from the dismissal of the second case. The county officials complied with their part of the agreement—the Motion for New Trial in case #393 was sustained, and the charges dismissed. The county attorney further agreed that he would not oppose a parole when defendant became eligible under the first sentence (case #392) in approximately seven years from the date of judgment and sentence, April 20, 1962. Defendant not only understood this, but signed the dismissal papers after Mr. Ogden and his father explained the situation to him.

Defendant further complains that the judgment and sentence entered in case #392 (and for which he is presently incarcerated) is void, in that it purports to sentence him to Twenty Years for the crime of "Assault and Battery with a Deadly Weapon", which, by statute, carries a maximum penalty of Five Years.

The statutes defining assault and battery are as follows:

Title 21, O.S.A., § 645:

ASSAULT, BATTERY, OR ASSAULT AND BATTERY WITH DANGEROUS WEAPON

"Every person who, with intent to do bodily harm and without justification or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five (5) years, or by imprisonment in a county jail not exceeding one (1) year." [1961]

Title 21 O.S.A. § 652:

SHOOTING WITH INTENT TO KILL—ASSAULT AND BATTERY WITH DEADLY WEAPON, ETC.

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at, another with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means of force as is likely to produce death, or in any manner attempts to kill another, or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding twenty (20) years."

 In the instant case, the defendant was charged in the information under § 652. The jury was fully instructed on both sections, in addition to an instruction on aggravated assault and battery. The jury's verdict is very clear and concise, and reads:

"We, the jury drawn, impaneled and sworn in the above entitled case, do upon our oaths find the defendant Guilty of *assault with a deadly weapon with intent to kill as charged in the Information herein* and assess his punishment at: 20 years imprisonment."

It is obvious from the record that when the judgment and sentence was typed, the words "with intent to kill" were inadvertently omitted.

To make the records speak the truth, it is the order of this Court that the Honorable C. R. Board, Judge of the First Judicial District enter an order nunc pro tunc correcting the clerical omission in the original judgment and sentence to conform with the verdict.

When this entry is made, it is nothing more than perfected evidence of what existed from the time judgment was rendered, and this amended judgment should be given effect as if no error had occurred in the original entry.

 This Court has carefully reviewed this petition, the record of the evidentiary hearing, the findings of fact of the trial judge, and have reviewed the casemade filed in A–13,267. We can find no basis for the allegation that petitioner was coerced into abandoning his appeal, and thus should be entitled to Post-Conviction Appeal. It is apparent from these records that the trial judge and the Texas County Bar Association showed a great deal of concern over the defendant's constitutional rights, and we wish to commend them for their efforts, most particularly, Mr. Charles Ogden. Writ denied, with instructions.

BUSSEY, P. J., and BRETT, J., concur.